

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2009

# USA v. Rodney Crosby

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1156

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Rodney Crosby" (2009). *2009 Decisions.* Paper 964.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/964

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-231**                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 09-1156

————————

UNITED STATES OF AMERICA

v.

RODNEY CROSBY,
                                            Appellant

————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-05-cr-00355-001)
District Judge: Honorable David Stewart Cercone

————————

Submitted for Possible Dismissal Due to Untimeliness or for Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
June 25, 2009

Before: RENDELL, HARDIMAN and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 22, 2009)

————————

OPINION

————————

PER CURIAM

        Rodney Crosby appeals from an order of the District Court reducing his sentence

from 121 months to 120 months. For the reasons that follow, we will summarily affirm.

        In December 2006, Crosby pleaded guilty to one count of possession with intent to

distribute five or more grams of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and one count of possession with intent to distribute 50 or more grams of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).  He was sentenced to concurrent 121-month terms.

In 2007, the United States Sentencing Commission amended the Sentencing Guidelines to retroactively reduce the base offense level of crack-cocaine offenses.  See Kimbrough v. United States, 128 S. Ct. 558, 569 (2007).  Based on this amendment, Crosby filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  By order entered November 18, 2008, the District Court reduced Crosby's sentence to 120 months, the minimum allowed under §§ 841(a)(1) and (b)(1)(A)(iii).  Crosby filed a timely notice of appeal.[1]  He argues, among other things, that the disparity in sentencing for crack and powder cocaine has a disproportionate impact on African American offenders and violates his equal protection rights.

District courts can account for the crack-powder disparity during sentencing.  See Kimbrough, 128 S. Ct. at 575.  However, that does not help Crosby.  In his case, the crack-cocaine amendments only reduced the base offense level of his offense; the statutory range of his sentence remained 10 years to life in prison. Because "district courts are constrained by the mandatory minimums," id. at 574, we conclude that the

---

[1] Although Crosby missed the 10-day deadline to file an appeal, the District Court granted Crosby's motion for an extension of time to file a notice of appeal.  See Fed. R. App. P. 4(b)(4).  Thus, Crosby's appeal is timely and we have jurisdiction.  28 U.S.C. § 1291.

2

District Court did not err in reducing Crosby's sentence by one month. Cf. United States v. Mateo, 560 F.3d 152, 156 (3d Cir. 2009) (finding that a career offender was not entitled to a § 3582(c)(2) reduction because the crack-cocaine amendment to the Guidelines did not lower the sentencing range for career offenders).

According to Crosby, equal-protection principles require the District Court to sentence him below the statutory minimum. His constitutional argument, however, lay outside of the scope of the § 3582(c)(2) proceedings, which are, by their nature, focused solely on changes to a defendant's Guidelines range. See United States v. McBride, 283 F.3d 612, 615-16 (3d Cir. 2002); see also United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2005). In any event, binding precedent holds that the sentencing disparity for crack and powder cocaine does not offend the equal protection component of due process. United States v. Frazier, 981 F.2d 92, 95 (3d Cir. 1992).

For the foregoing reasons, we conclude that this appeal presents no substantial question. Accordingly, we will affirm the judgment of the District Court.